United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 2:15-599** |
| | § | |
| **SANDRA VASQUEZ,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Sandra Vasquez' letter motion for early release from custody. D.E. 28.

## I. BACKGROUND

In 2015, Defendant pled guilty to possession with intent to distribute 17.81 kilograms of methamphetamine. She has served roughly 60 months of her 144-month sentence and has a projected release date of January 29, 2026. She now moves the Court to reduce her sentence and order her early release because she wishes to regain custody of her minor daughter, who is currently in foster care.

## II. LEGAL STANDARD

Defendant cites no legal authority for her motion; however, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or *the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,* whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release

1

>with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>(i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

>**(A) Medical Condition of the Defendant.—**
>
>>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>(ii) The defendant is—
>>>(I) suffering from a serious physical or medical condition,
>>>(II) suffering from a serious functional or cognitive impairment, or
>>>(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>**(B) Age of the Defendant. –**
>
>>The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

>       (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances.** –
>
>       (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>       (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons.** –
>
>       As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant moves the Court for compassionate release because she wishes to regain custody of her 15-year-old daughter, who is currently in foster care. She also emphasizes the

rehabilitative programming she has completed while incarcerated, including GED, anger management, and drug prevention classes.

While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n. 1(B)(iii). Defendant is not elderly and does not claim to have any qualifying medical condition. She also does not claim that her minor daughter's foster mother has died or become incapacitated. Finally, the BOP has not determined any other extraordinary and compelling reason exists to support Defendant's release, nor has it certified that Defendant poses no danger to the community, that she is at no substantial risk of engaging in criminal conduct if released, or that her release will result in a substantial net reduction of costs to the Federal Government. In fact, Defendant does not even claim to have pursued her remedies within the BOP before petitioning the Court for compassionate release as required.

Because Movant has failed to comply with the exhaustion requirements under § 3582, her motion is not ripe for review, and the Court is without jurisdiction to grant it. *See, generally*, *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

## IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion for early release from custody (D.E. 28) is **DENIED**.

It is so **ORDERED** this 15th day of June, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE